IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) | 
| PEGGY KRIEG, | ) ) |
| Defendant | ) ) |

Case No. 22 cv 3106

Judge Feinerman

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

The Plaintiff Mid-America Carpenters Regional Council Pension Fund, by its attorneys Travis J. Ketterman of McGann Ketterman & Rioux, respectfully request that a Motion for Default Judgment be entered against Defendant Peggy Krieg based on the following:

1. This action was brought by the Plaintiff Mid-America Carpenters Regional Council Pension Fund ("Pension Fund") to recoup an overpayment of pension benefits from the Pension Fund made to Rosemarie Krieg ("Participant") as the result of the intentional conduct or the fraudulent conduct of Peggy Krieg in failing to notify the Pension Fund of Rosemarie Krieg's death. (Guastaferri Affidavit, §1)

2. The Pension Fund is an ERISA-covered Pension Fund within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The Pension Fund maintains its office at 12 East Erie Street in Chicago, Illinois, where the day-to-day administration of the Pension Fund (including the recoupment of overpayments) is the responsibility of the Fund Administrator. (Guastaferri Affidavit, §2)

3. Rosemarie Krieg was a participant in the Pension Fund. Rosemarie Krieg died on October 20, 2017. On information and belief, prior to her death Rosemarie Krieg resided in Illinois. (Guastaferri Affidavit, §3)

4. Peggy Krieg is the beneficiary of Participant. (Guastaferri Affidavit, §4)

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 1132(a)(3) and (e)(1) and 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Pension Fund is administered in this district.

## FACTUAL BACKGROUND

7. Rosemarie Krieg was the beneficiary of a carpenter who participated in the Pension Fund and as a result of employment as a carpenter became eligible for benefits from the Pension Fund. (Guastaferri Affidavit, §5)

8. Following the carpenter's death, Rosemarie Krieg began receiving a monthly pension benefit from the Pension Fund. (Guastaferri Affidavit, §6)

9. The monthly pension payments made to Rosemarie Krieg by the Pension Fund were deposited by the Pension Fund directly into a bank account maintained by or on behalf of Rosemarie Krieg. The pension payments were deposited into Account 7601799469 at BMO Harris. These monthly payments continued to be deposited by the Pension Fund into that same bank account maintained by or on behalf of Rosemarie Krieg. (Guastaferri Affidavit, §7)

10. On information and belief, at all times subsequent to, Peggy Krieg had complete control over the account into which Rosemarie Krieg's monthly pension payments were deposited by the Pension Fund. (Guastaferri Affidavit, §8)

11. The Pension Fund received information that Rosemarie Krieg had died on October 20, 2017. (Guastaferri Affidavit, §9)

12. Under the terms of the Pension Fund, upon death Rosemarie Krieg's pension benefits ended and no further benefits were payable from the Pension Fund. (Guastaferri Affidavit, §10)

13. At no time after October 20, 2017 did Peggy Krieg notify the Pension Fund of Rosemarie Krieg's death. (Guastaferri Affidavit, §11)

14. Because the Pension Fund was not notified of Rosemarie Krieg's death by Peggy Krieg, monthly payments from the Pension Fund continued to be deposited into Rosemarie Krieg's account after the death. Because Rosemarie Krieg's monthly pension benefits were not timely stopped, there has been an overpayment from the Pension Fund in the principal amount of $11,793.35. (Guastaferri Affidavit, §12)

15. On information and belief, the Pension Fund asserts that Peggy Krieg withdrew the Pension Overpayment from the account or controls the access to the account in which the Pension Overpayment remains. (Guastaferri Affidavit, §13)

16. After being notified of Rosemarie Krieg's death, the Pension Fund and the Pension Fund's legal counsel sent numerous letters to Peggy Krieg. In the letters, the Pension Fund and the Pension Fund's legal counsel advised Peggy Krieg that the funds deposited by the Pension Fund into the account subsequent to Rosemarie Krieg's death resulted in an overpayment from the Pension Fund, and stated that these funds must be repaid to the Pension Fund. (Guastaferri Affidavit, §14)

17. Despite these requests made to Peggy Krieg on behalf of the Pension Fund, Peggy Krieg has not agreed to return the overpaid pension funds to the Pension Fund. (Guastaferri Affidavit, §15)

18. Pursuant to 29 U.S.C. § 1132(a)(3), the Pension Fund is entitled to appropriate equitable relief to enforce the Pension Fund's terms, under which Peggy Krieg is not entitled to the mistakenly paid excess pension benefits, and to enforce the requirements of 29 U.S.C. § 1104.

19. The Pension Fund has no adequate remedy at law. (Guastaferri Affidavit, §16)

20. The Pension Fund incurred attorney fees and costs in the amount of $1,344.50, which is based on $857.50 in attorney fees; the filing fee of $402; and the process server fee of $85.00. (Guastaferri Affidavit, §17).

21. The interest on the pension overpayment is $3,111.85 from the period of November 2017 through June 2022. (Guastaferri Affidavit, §18).

22. The Defendant was served with the Complaint and Summons on June 16, 2022 and the deadline to file an answer or otherwise plead was July 7, 2022.

23. The Defendant is currently unrepresented so the Plaintiff is unable to state whether this motion is opposed or not. The Defendant has not responded to multiple attempts to contact the Defendant by the Plaintiff representatives.

24. If the Court wishes to enter a briefing schedule on this matter, set a telephonic hearing date, or set the matter for hearing, any of those options are acceptable to the Plaintiff.

25. Plaintiff will send a copy of any Court order setting a briefing schedule or hearing date to the Defendant after it has been posted to the e-filing system.

Therefore, the Plaintiff respectfully requests that Judgment be entered in favor of the Plaintiff Mid-America Carpenters Regional Council Pension Fund and against Defendant Peggy Krieg for the following relief:

(a) That the Court issue an injunction prohibiting Peggy Krieg from dissipating, transferring, pledging, spending, disposing of, or encumbering the $11,793.35 overpayment in Account 7601799469 at BMO Harris, which is in Peggy Krieg's possession and control maintained by Peggy Krieg except allowing Peggy Krieg to transfer the $11,793.35 overpayment to the Pension Fund or its agent.

(b) That the Court enter judgment in favor of Pension Fund on Count I, imposing a constructive trust in the amount of $11,793.35 on the specifically identifiable funds in Peggy Krieg's custody and control and granting Pension Fund the remedy of equitable restitution of the specifically identifiable funds in the amount of $11,793.35 or, if the funds have been transferred, imposing a constructive trust and/or equitable lien on the specifically identifiable funds, accounts, or property where those funds may be traced.

(c) That the Court award damages to the Plaintiff and against the Defendant for Peggy Krieg's fraudulent conduct described in Count II, in the amount of $11,793.35;

(d) That the Court award pre-judgment interest in the amount of $28,116.59.

(e) That the court award Pension Fund its costs, including reasonable attorney's fees, pursuant to 29 U.S.C. § 1132(g) in the amount of $1,344.50;

 (f) That the Court award such other relief as it deems just and proper.

          Respectfully submitted,

          MID-AMERICA CARPENTERS REGIONAL
          COUNCIL PENSION FUND

          /s/ Travis J. Ketterman

          _____
          Travis J. Ketterman, Attorney for
          Plaintiff

Travis J. Ketterman
McGann, Ketterman & Rioux
111 E. Wacker Dr., Suite 2600
Chicago, IL 60601
(312) 251-9700 Fax (312) 251-9701
tketterman@mkrlaborlaw.com
July 21, 2022